

> Application granted. The Court will hold an in-person discovery conference on August 26, 2025 at 11:00 a.m. in the White Plains Courthouse in Courtroom 620.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>       August 4, 2025

**Via Email Only**
Honorable Philip M. Halpern
United States District Court of South[ern District of New York]
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
E: HalpernNYSDChambers@nysd.uscourts.gov

    Re:    Norguard Insurance Company a/s/o Minaros Realty v Panagia Foods, Inc.
           Civil Docket No.: 7:24-cv-09096

Dear Judge Halpern:

    I represent the Plaintiff, NorGUARD Insurance Company, in the above captioned matter. In accordance with Local Civil Rule 37.2 and your Honor's policies and procedures, the parties respectfully request a conference with the Court to address ongoing discovery disputes between the parties prior to Plaintiff's filing of a Motion to Compel. Pursuant to Fed. R. Civ. P. 37(a)(1), the parties have met and conferred. However, to date, (1) no answers to Plaintiff's Request for Production of Documents has been received and (2) the Defendant has unilaterally cancelled the already re-scheduled deposition of a key witness, E. Saucedwa, the day before it was supposed to take place. *See* Exhibits 1, and 2. Non-expert depositions were ordered to be completed by August 14, 2025.

    On November 27, 2024, Plaintiff initiated the instant action by way of Complaint against Defendant, Panagia Foods Inc, for property damage resulting out of an August 6, 2023 fire. The Plaintiff is the subrogating carrier for the landlord and owner of the building damaged in the fire. Defendant is the owner and operator of the restaurant where the fire occurred. As a result of the

fire, Plaintiff paid $355,653.97 to its subrogor, Minaros Realty, in order to repair the damage caused by the fire and pursuant to the terms of the underlying insurance policy.

In sum, Plaintiff contends that Defendant damaged the power supply cord of a refrigerator used by its restaurant which ultimately caused an electrical arcing event and started the fire which led to the damages claimed. Defendant denies Plaintiff's claim.

On April 17, 2025, Plaintiff served its First Set of Interrogatories and First Set of Request for Production of Documents on Defendant's counsel via email. Over three (3) months have now passed since Plaintiff served its discovery requests.

On July 24, 2025, more than 60 days after the deadline, Defendant submitted its initial disclosures but did not produce any documents.

On July 31, 2025, Defendant provided unverified Answers to Interrogatories. However, Defendant has still not provided written responses to Plaintiff's Request for Production of Documents or responsive documents.

For its part, Plaintiff had produced its initial disclosures on May 12, 2025 in compliance with your Honor's Order requiring the parties to produce initial disclosures on May 14, 2025. Plaintiff provided Defendant with responses to its written discovery requests on April 17, 2025.

Allow me to also briefly provide some background to Plaintiff's motion to compel the deposition of E. Saucedwa. On July 11, 2025, Plaintiff forwarded the second Notice of Deposition for the employee of Defendant E. Saucedwa. On July 31, 2025, defense counsel's assistant emailed to confirm the deposition. After receiving confirmation from the undersigned, the assistant wrote, "My apologies, we have a conflict. We need an adjournment." I then asked counsel to call me to discuss but he responded by email saying, "we need to depose your witness first."

Pursuant to F.R.C.P. 37(3)(B), this Honorable Court is empowered to enter an Order compelling Defendant to provide full, complete and verified answers to Plaintiff's Request for Production of Documents and all documents responsive to Plaintiff's requests for production, as well as for Defendant to produce its employee, E. Saucedwa, for a deposition within 10 days. Plaintiff is unable to properly prepare for trial without these responses as requested in the Interrogatories and the Request for Production of Documents.

For the foregoing reasons, Plaintiff respectfully requests a conference with the Court to address the ongoing discovery dispute.

**Very truly yours,**

**de LUCA LEVINE LLC**

BY: _____
JOSEPH L. MCGLYNN
301 E. Germantown Pike, 3rd Floor,
East Norriton, PA 19401
215-383-0081
jmcglynn@delucalevine.com

JLM/cm